UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re                                                             Chapter 11

    Unique Third Avenue LLC, *et al*,[1]           Case no.  25-12461 (JPM)

                                    Jointly Administered

                   Debtors.

----------------------------------------------------------x

### NOTICE OF HEARING ON APPLICATION TO EXTEND TIME

       PLEASE TAKE NOTICE, that a hearing will be held via Zoom teleconference before the Honorable John P. Mastando III, on April 1, 2026 at 9:30 a.m. (the "Hearing") or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court One Bowling Green, New York, New York to consider to consider the application of Unique Third Avenue LLC and the above-captioned related debtors to extend time to assume or reject its lease with 625 Fordham LLC for the premises at 625 East Fordham Road, Bronx NY 10458 pursuant to section 365(d)(4) of the Bankruptcy Code.

       PLEASE TAKE FURTHER NOTICE, that the hearing is to be conducted through Zoom.gov.  Participants are required to register their appearance by 4:00 PM one business day before any scheduled Zoom® hearing with the Court's eCourt Appearances tool at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  If you do not have internet access or cannot register with eCourt Appearances, you may call or email Judge John P. Mastando III's courtroom deputy for instructions at (212) 284-4040 or JPM.chambers@nysb.uscourts.gov.

Dated:  New York, New York
       March 2, 2026

                                 BACKENROTH FRANKEL & KRINSKY, LLP
                                 Proposed Attorneys for the Debtors

                                 By: s/Mark A. Frankel
                                    488 Madison Avenue, Floor 23
                                    New York, New York 10022
                                    (212) 593-1100

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  Unique Third Avenue LLC Third Avenue Imaging LLC (8986), Unique Imaging Services LLC (3719) and Distinguished Diagnostic Imaging, P.C. (7345).

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re                                                                   Chapter 11

    Unique Third Avenue LLC, *et al*,[2]                  Case no.  25-12461 (JPM)

                                                      Jointly Administered

                       Debtors.

--------------------------------------------------------x

## APPLICATION FOR ORDER EXTENDING TIME

Unique Third Avenue LLC and the above-captioned related debtors (collectively, the "Debtors") as and for their application to extend time for the Debtors to assume or reject the lease between Unique Imaging Services LLC with 625 Fordham LLC for the premises at 625 East Fordham Road, Bronx NY 10458 ("Premises") pursuant to section 365(d)(4) of the Bankruptcy Code, respectfully represents as follows:

## BACKGROUND

1.  On November 4, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors have been operating as a debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.  The Debtors occupy the Premises pursuant to two written lease agreements for Suite A and Suite B, both dated February 16, 2022 (collectively, the "Lease"),

---

[2] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  Unique Third Avenue LLC Third Avenue Imaging LLC (8986), Unique Imaging Services LLC (3719) and Distinguished Diagnostic Imaging, P.C. (7345).

with a ten-year term running through March 31, 2032—more than six years remaining on the Lease.

3.      The Premises are used exclusively as a licensed diagnostic imaging facility. The Debtors operate sophisticated medical imaging equipment at the Premises and serves patients throughout the Bronx community. Diagnostic imaging operations cannot be relocated overnight. Medical equipment installations, regulatory licensing under New York's diagnostic imaging requirements, and patient continuity all require substantial lead time. The loss of the Premises would effectively destroy the Debtor's going-concern value.

4.      The Debtor has tendered $50,000 toward its post-petition rent obligations. This payment demonstrates the Debtor's good faith and ability to fund ongoing operations, and provides concrete adequate protection for the Landlord's interest going forward.

5.      Since the Petition Date, the Debtor has engaged in extensive, good-faith negotiations with the Landlord through the Debtor's Chief Restructuring Officer to resolve disputes regarding the Lease and the Premises. Draft settlement terms were exchanged, and the Debtor remains willing to enter into a resolution that addresses pre- and post-petition obligations and adjusts the Lease to reflect market realities. The parties appeared to be near resolution following the last adjournment of the Motion, and the Debtor agreed in principle to pay a significant portion of the post-petition arrears—including the $50,000 tendered in advance of this hearing—while the parties continued to negotiate.

6.      However, despite the Debtor's continued efforts to finalize and document that resolution, the parties have not reached a final agreement, due in part to new demands made

by the Landlord that the parties have not yet had sufficient time to negotiate. The Debtor files

this motion in part because those negotiations have not concluded.

7.    The Debtors have separately filed an objection docket no. 67 to the

Landlord's lift stay motion docket no. 54, a copy of which incorporated herein by reference.

8.    A state court landlord-tenant proceeding (Index No. LT-324706-25BX)

was pending in the Civil Court of the City of New York, Bronx County, and was stayed through

February 2, 2026, by operation of the automatic stay. No warrant of eviction has been issued.

The lease has not been terminated by any state court adjudication.

## **RELIEF REQUESTED HEREIN**

9.    By this application, the Debtor seeks to extend its time to assume or reject

the Lease for 90 day under section 365(d)(4) of the Bankruptcy Code.

10.    In considering whether cause exists to extend time to assume or reject a

lease, the Bankruptcy Court has held that the following factors are relevant:

> The Bankruptcy Code does not define "cause," but case law has amplified its
> meaning. "Cause" consists of several factors, including (1) the significance of the
> lease to the debtor's business and the plan (2) whether reversion will produce a
> windfall to the landlord, (3) whether the debtor has had sufficient time to appraise
> its financial situation and the potential value of the lease to the formulation of its
> plan, (4) the complexity of the case and number of leases it involves, (5) the need
> for a judicial determination as to whether a lease exists, (6) the failure to pay
> postpetition use and occupancy or comply with other lease obligations, (7)
> whether the landlord has suffered damage that is not compensable under the
> Bankruptcy Code, (8) inability to formulate a plan within sufficient time, and (9)
> any other facts showing the lack of a reasonable time to decide whether to assume
> or reject. *See Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105-06 (2d
> Cir.1982); *Escondido Mission Village L.P. v. Best Products Co.*, 137 B.R. 114,
> 117 (S.D.N.Y.1992); *In re Babylon Ltd. Partnership*, 76 B.R. 270, 274
> (Bankr.S.D.N.Y.1987); *In re Wedtech Corp.*, 72 B.R. 464, 471-72
> (Bankr.S.D.N.Y.1987).

*In re 611 Sixth Avenue Corp.* 191 B.R. 295 (Bankr. S.D.N.Y.,1996); *accord, In re Burger Boys, Inc.*, 94 F.3d 755, 761 (2d Cir. 1996); *citing Theatre Holding Corp. v. Mauro*, 681 F.2d 102 (2d Cir.1982) (per curiam).

11.     Here, the Debtor respectfully submits that almost all of the *611 Sixth Avenue Corp* factors support an extension of time to assume or reject the Lease.

12.     The Debtor rely heavily in the Premises and unless and until the Debtors can find a new location, the Lease is essential to any Chapter 11 Plan because so that the Debtors' operations can continue.

13.     It is too soon to know the outcome of the Debtors' disputes with Bank of America, and whether the Debtors will be able to complete their agreement with the Landlord. The Debtors are working towards negotiated settlements with the Landlord, and hopes to avoid litigation, let alone forfeiture.

14.     They Premises are the sole operational site of a licensed diagnostic imaging facility. The Debtors have invested in specialized medical equipment at the Premises, maintain an active patient base dependent on services at this location, and hold regulatory approvals specific to this facility. No ready alternative exists. Relocation would require a new facility build-out, regulatory re-licensing, equipment reinstallation, and patient notification—a process requiring many months and significant capital.

15.     In addition, the Debtors are in mediation with Bank of America which will be instrumental in determining the Debtors' future, and whether the Premises will be necessary to an ongoing business.

16.     It should be noted that the Debtors and the Landlord agreed to resolve the post-petition rent obligations in the context of their stipulation.  But the Debtors are nonetheless making unconditional good-faith payments toward their post-petition obligations.

17.     The landlord is not suffering damage that is not compensable under the Bankruptcy Code.  The Debtors are making payments, Lease obligations to the extent unpaid, are deemed administrative claims section 365(d)(3) of the Code.

18.     In summary, the Debtors respectfully suggest that it would be well within the discretion of this Court to grant the Debtors an additional 90 days to decide whether to assume or reject the Lease.  The Petition Date was November 4, 2025. The initial 120-day period under § 365(d)(4) expires on March 4, 2026. The Debtors therefore seek an extension through June 2, 2026." Without that, the Court has to calculate it independently.

No prior request for the relief sought herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court an order extending

the Debtor's Exclusive Periods and time to assume or reject the Lease, and granting such other,

further and different relief as this Court may deem just and proper.

Dated: New York, New York
       March 2, 2026

**BACKENROTH FRANKEL & KRINSKY, LLP**
Attorneys for the Debtors


By:     s/ Mark Frankel
        488 Madison Ave.
        New York, New York 10022
        (212) 593-1100

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re                                                         Chapter 11

    Unique Third Avenue LLC, *et al*,[1]                Case no.  25-12461 (JPM)

                                              Jointly Administered

                   Debtors.

-----------------------------------------------------------x

## **ORDER**

        Upon the application Unique Third Avenue LLC and the above-captioned related debtors to extend time to assume or reject the lease ("Lease") with 625 Fordham LLC for the premises at 625 East Fordham Road, Bronx NY 10458 pursuant to section 365(d)(4) of the Bankruptcy Code, and upon the hearing held before this Court on April 1, 2026; it is

        ORDERED, that the time to assume or reject the Lease be, and it hereby is, extended through June 2, 2026; and it is further

        ORDERED, that this Order is without prejudice to the rights of the Debtors and/or other parties.

Dated:  New York, New York
       April  __, 2026

                                      _____
                                      HONORABLE JOHN P. MASTANDO III
                                      UNITED STATES BANKRUPTCY JUDGE

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  Unique Third Avenue LLC Third Avenue Imaging LLC (8986), Unique Imaging Services LLC (3719) and Distinguished Diagnostic Imaging, P.C. (7345).